UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAURIMAR JOSELIN BOLIVAR,

Petitioner,

v.

MARKWAYNE MULLIN,

Respondent.

Case No. 2:26-cv-02951-TLF

ORDER GRANTING HABEAS PETITION

Petitioner Daurimar Joselin Bolivar has filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging her immigration detention. Dkt. 1, Habeas Corpus Petition. She is currently detained at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Dkt. 7, Declaration of Deportation Officer Ian Bloom (Bloom Decl.) at 2. The parties have unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3

Having considered the petition, the briefing, and the record, the Court GRANTS the petition; petitioner's continued detention violates due process.

**I. Background**

Petitioner entered the United States without authorization on May 20, 2021. Dkt. 1-2. After being in custody, she was released on an Order of Release on Recognizance (OREC) on June 9, 2021. Dkt. 1-3, Order of Release of Recognizance; Dkt. 8-2. She alleges that she never violated the conditions of the OREC. Dkt. 1 at 2. Petitioner filed

an application for asylum and related relief with U.S. Citizenship and Immigration Services (USCIS) on October 5, 2021. Dkt. 1-4 at 2. She completed her biometrics, appeared at an ICE check-in on July 12, 2021, and was told to report back on July 12, 2023. Dkt. 1-3.

Five years later, petitioner received notice from the Department of Homeland Security that her asylum application was terminated and that she would need to report to an ICE Field Office in Miami, Florida, on July 22, 2026, to participate in a Credible Fear Interview. Dkt. 1 at 2. She was taken into custody on that date, found not to have a credible fear of return to Venezuela, and then transported to NWIPC around July 29, 2026. Dkt. 1 at 2; Dkt. 8-3 (Form I-213) at 3.

On August 14, 2026, petitioner attended a Credible Fear Review Proceeding at the Tacoma Immigration Court infront of an Immigration Judge (IJ). Dkt. 1-5. After taking her testimony and reviewing the conclusions of the asylum officer, the IJ vacated the officer’s finding. Dkt. 1-6 at 3.

Petitioner states that she intends to pursue her application for asylum. Dkt. 1 at 3. She has no history of arrests or criminal convictions in the United States. Dkt. 8-3, Form I-213 (“Criminal History: None”). Petitioner also held Temporary Protected Status until April 2, 2025, and sought to reapply, but the program was terminated. Dkt. 1-7. Respondents state that “[p]etitioner will be placed in full proceedings pursuant to 8 U.S.C. § 1229a after ICE issues a notice to appear.” Dkt. 6 at 1.

## II. Discussion

### A. Statutory Basis for Detention

Respondents contend that petitioner is currently detained under 8 U.S.C. § 1225 as an arriving alien subject to mandatory detention and argue her detention is mandatory under 8 U.S.C. § 1225(b)(1). Dkt. 6 at 2.

Noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)). But, where a noncitizen "indicates either an intention to apply for asylum ... or a fear of persecution," the inspecting immigration officer must refer that noncitizen for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). Thereafter, if the asylum officer determines that the noncitizen has a credible fear of persecution, then the noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112.

Even if the statutory terms of § 1225(b) do not require a bond hearing, petitioner's continued detention must comport with due process. *See Boumediene v. Bush*, 553 U.S. 723, 797 (2008) (holding that habeas corpus applies to detainees who were classified as enemy combatants and held at Guantanamo Bay; "few exercises of judicial power are as legitimate or necessary as the responsibility to hear challenges to the authority of the Executive to imprison a person."). "Any argument that ICE acted within its authority has no affect [sic] on a claim contending that detention violates Constitutional Due Process." *Francois v. Wamsely*, No. C25-2122-RSM-GJL, 2025 WL

3063251, at *3 (W.D. Wash. Nov. 3, 2025) (citing *Kumar v. Wamsley*, No. 2:25-CV-01772-JHC-BAT, 2025 WL 2677089, at *2, n.2 (W.D. Wash. Sept. 17, 2025)).

When petitioner was apprehended on May 20, 2021, she was detained for expedited removal pending a credible fear determination by United States Citizenship and Immigration Services (USCIS). Dkt. 7, Bloom Decl. at 2. Under statutory authority, petitioner would have been subject to parole under Section 1182(d)(5)(A), yet based on agency practice in 2023, petitioner was released on an OREC on June 9, 2021. *Id*.; Dkt. 6 at 7. The OREC was issued "in accordance with section 236 of the Immigration and Nationality Act." 8-2 at 2. *See, e.g.*, *Aguilar-Graterol v. Warden/Facility Administrator, Northwest Det. Center*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026) (OREC specifying the same indicated government's treatment of petitioner as "subject to discretionary detention under 8 U.S.C. § 1226 from his arrival in the United States until [his subsequent re-detention]"); *Fiston v. Bondi*, No. 2:26-CV-00904-JHC, 2026 WL 926064, at *3 (W.D. Wash. Apr. 6, 2026) (noting that the presence of this language made petitioner's case "even stronger"). Respondents acknowledge that courts in this district have found that a person released under an OREC is subject to detention under 8 U.S.C. § 1226(a). Dkt. 6 at 7 (citing *Soto v. Bondi,* No. 2:26-cv-00652-BAT, 2026 WL 972731, at *5 (W.D. Wash. Apr. 10, 2026) ("Because the Government has treated Petitioner as subject to § 1226(a), it cannot then simply re-detain Petitioner as mandatorily detained based on the expedited removal proceedings.")).[1]

[1] Respondents also note that "Federal Respondents recognize that if this Court were to apply the same reasoning as stated in *Soto*, this Court will likely find that Petitioner's re-detention violates procedural due process" and incorporate all arguments from *Soto*. Dkt. 6 at 8.

Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding that noncitizens released on an OREC must necessarily have been detained and released under § 1226). No custody redetermination hearing has yet occurred. *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. July 30, 2026).

Petitioner was also served Form I-286, which allowed her to request a custody redetermination in a hearing conducted by an Immigration Judge. Dkt. 8-2 at 6. The Notice of Custody Determination explicitly stated that she was released from custody because she has asthma, and, among other requirements, the form states that "[a]ny violation of the above conditions will result in revocation of your employment authorization document," showing that the government intended to allow her to work in the United States. Dkt. 8-2 at 9. The Notice of Custody Determination states she was released on her own recognizance. Dkt. 8-2 at 6.

Accordingly, under the circumstances of this case, "including the failure to refer Petitioner for a credible fear interview or otherwise pursue expedited removal for several years, Petitioner's release on an OREC and issuance of the arrest warrant pursuant to § 1226, reflect the Government treated Petitioner as subject to 8 U.S.C. § 1226(a) and that [s]he was subject to that statute when [s]he was re-detained." *Soto*, 2026 WL 972731, at *5 ("Because the Government has treated Petitioner as subject to § 1226(a), it cannot then simply re-detain Petitioner as mandatorily detained based on the expedited removal proceedings.")(citing *Quinteros Moran v. Joyce*, No. 25 CIV. 9645 (GBD), 2025 WL 3632895, at *3 (S.D.N.Y. Dec. 15, 2025) (Finding petitioner detained

under § 1226(a) where expedited removal proceedings were initially commenced but petitioner was later released and "after years of the Government neglect[ing] any authority it may have possessed under § 1225(b) and consistently appl[ying] § 1226(a) …it cannot now turn back the clock, and neither can the Court.") (internal quotation and citation omitted).

**B. Due Process**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " U.S. Const.. amend. V. This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Here, petitioner argues her detention violates the Due Process Clause under the factors enumerated in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See* generally Dkts. 1, 9. To assess petitioners' arguments, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), in weighing the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

**1. Private Interest**

As to the first factor, petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The petitioner's weighty liberty interest in not being detained is not extinguished or diminished solely because she is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action); *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Petitioner was arrested intially on May 20, 2021 and released on an OREC on June 9, 2021. Dkt. 1-1, 1-2. After being on conditional release for over five years, she was re-arrested on July 22, 2026, and has been detained for weeks; her liberty interest in remaining free of restraint and not subject to incarceration is clearly a constitutionally protected liberty interest. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]").

While on release, petitioner filed a timely application for asylum, had her biometrics captured, received work authorization, and cooperated with several ICE check-in appointments. Dkt. 9 at 5. Her current asylum application remains pending based on petitioner's claim of credible fear. Accordingly, petitioner has a strong interest in remaining at liberty. The Court finds this factor weighs in petitioners' favor.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards. *Mathews*, 424 U.S. at 335.

The Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Yet there "may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 - *12 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1031-32, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Here, petitioner was not provided with adequate notice of the allegations or an opportunity to respond prior to, during, or immediately after arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioners' detention. There was no assessment of petitioners' flight risk or dangerousness to the community either prior to, during, or after her detention. *See Rios-Rodriguez v. Blanche,* 2:26-cv-02117-RFB-MDC, 2026 WL 2280924, at *6-*7 (D. Nevada, August 7, 2026) (stating that the government was ignoring regulations that require adequate notice before re-arrest, and opportunity to be heard at the time of re-arrest, and before detention is ordered, under § 1226(a)).

As petitioner explains, "[w]hen she was taken into custody, no DHS assessment was ever made as to why the extreme measure of detention was required given the individual facts and circumstances, nor was Petitioner given an opportunity to be heard with respect to the decision." Dkt. 9 at 5.

Petitioner should have received a hearing at a meaningful time — before being arrested. *See Lopez Benitez v. Francis,* 795 F. Supp. 3d 475, 496-497 (S.D.N.Y. 2025) (observing that under § 1226(a) and 8 C.F.R. § 236.1(d)(1), an initial decision must be made by ICE before an individual is arrested and detained, and this requires a deliberative process before or contemporaneous with the re-arrest).

Petitioner asserts, and respondents do not dispute, that petitioner has no criminal history, that she has applied for asylum, and that the only ground given for detention was the initial denial of the fear-based finding, which was overturned by an IJ.

The Court finds, under the circumstances, the risk of erroneous deprivation is high. Thus, the Court finds the second *Mathews* factor favors petitioner.

**3. The Government's Interest**

The third *Mathews* factor also weighs in petitioner's favor. *Mathews*, 424 U.S. at 335. Respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court accordingly finds petitioner has a protected liberty interest in continuing release from custody and all the *Mathews* factors weigh in her favor. Petitioner's detention violated due process.

### III. Conclusion

For all these reasons, the Court GRANTS petitioner's habeas petition:

1) Respondents **ARE ORDERED TO** release petitioner **within 24 hours** of this Order under her prior OREC.
2) Within two business days of petitioner's release, respondents must file a certification with this Court confirming the date and time petitioner was released from custody.
3) The Court declares that petitioner's due process rights under the Fifth Amendment, and her right to a hearing under 8 U.S.C. § 1226(a) statutory authority and regulations, were violated because the respondents failed to give her an individualized hearing on whether she should be released or detained, and all three of the *Mathews* factors favor petitioner.
4) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining petitioner unless and until she is provided with adequate notice and a hearing, consistent with due process, before an immigration court to determine whether re-detention is appropriate.

5) Petitioner may file a motion with a request for attorney fees and costs under the Equal Access to Justice Act, within 30 days of final judgment. See 28 U.S.C. § 2412 (d).

Dated this 10th day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge